WILSON *v.* CAVANAUGH.

4-8155                     200 S. W. 2d 972

Opinion delivered April 7, 1947.

*Ed E. Ashbaugh,* for appellant.

*House, Moses & Holmes, W. Horace Jewell* and *Thomas C. Trimble, Jr.,* for appellee.

*Philip B. Fleming, A. A. White, Leonard M. Cox* and *W. R. Herring, amici curiae.*

SMITH, J. Appellee recovered judgment in a suit in unlawful detainer for the possession of a house and lot in the city of Little Rock and for the rent thereon, from which is this appeal. Two questions are presented for decision: (1) whether proper notice to vacate had been served, and (2) whether appellee had met the requirements of the Office of Price Administration Rent Control by showing that she had an immediate, compelling necessity for the possession of the property.

Appellee served notice May 21, 1946, upon appellant to vacate the premises on or before July 2, 1946. The property had been rented upon a monthly basis for a rental of $50 per month, payable semi-monthly in advance. There had been no default in the payment of the rent.

The rent was usually paid to one Mattingly, as appellee's agent, and the testimony is in irreconcilable conflict

as to the circumstances and conditions under which rent was paid and accepted after the expiration of the time given in the notice to vacate. The cause was heard by the court sitting as a jury, by consent of the parties, and the judgment from which is this appeal recites that the court "doth find all such issues of fact and law in favor of the plaintiff and against the defendant." In accordance with settled rules of practice, we must give to the testimony of appellee its highest probative value in testing its sufficiency to support the judgment of the court. When thus viewed it is to the following effect:

On the first rent paying period after the notice to vacate had matured, appellant tendered to Mattingly a half of a month's rent in advance, which Mattingly declined to accept. An appeal was made by appellant to appellee for a two weeks' extension of time, which was given under the assurance that the property would be vacated at the end of that time. The property was not vacated as promised at the expiration of the two weeks' extension, when a tender of two additional weeks' rent was made to Mattingly, who was assured, that while appellant had not found a place, he was about to find one and would surrender possession at the end of two weeks if given that additional time, and Mattingly accepted the rent upon the promise and assurance that possession would be surrendered at the end of the extended time.

Possession was not surrendered as promised and on August 3d a second notice to vacate was served, and this suit was thereafter brought when possession was not delivered as required by the notice to vacate.

The rent attorney for the local rent control office testified that the first notice to vacate was submitted to and approved by his office, but that his office was not advised of the second notice and had not approved it. The attorney introduced and identified certain rules and regulations which had been promulgated by the Price Control Administration with an interpretation of Regulation 6 (a) 6, which interpretation and construction reads as follows:

"Interpretation 6 (a) (6)—VIII Meaning of 'Immediate Compelling Necessity.'

Under section 6 (a) (6), as amended by Amendment 67, a landlord, other than a member of the services during the war, desiring to secure possession of a dwelling unit owned by him prior to October 20, 1942, or the effective date of the rent regulations in this particular area, whichever is later, must establish to the satisfaction of the court (1) that he in good faith desires to occupy the premises as his home and (2) that he had an immediate compelling necessity to obtain possession. If he can establish (1) but not (2) he must apply to the area office for a certificate of eviction which will in proper cases be issued conditioned upon an appropriate waiting period.

"The criteria to determine whether an immediate compelling necessity exists should be strictly applied. Since the only difference between a proceeding under section 6 (a) (6) and a petition under section 6 (a) (1) is that in one case a landlord obtains immediate possession and in the other must wait for a time before the tenant is dispossessed, the need for possession must be real, immediate and urgent. 'Compelling necessity' imports more than desire or convenience. The prejudice to the landlord by imposing delay on his ability to obtain immediate occupancy must be of a character that would demonstrate very real hardship."

In the case of *Bowles, Price Adm.,* v. *Seminole Rock & Sand Co.,* 325 U. S. 410, 65 S. Ct. 1215, 89 L. Ed. 1700, the Supreme Court of the United States discussed the behalf and in that connection said: "But the ultimate effect of departmental interpretation of its rules in this criterion (in the interpretation of these rules) is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."

It is insisted that the demand for possession contained in the first notice which apparently was approved by the Administration was waived inasmuch as rent was accepted after the notice to vacate had been given, and

in support of that contention appellant quotes from 32 Am. Jur., § 944, of the chapter on Landlord and Tenant, a statement to the effect that very slight acts on the part of the landlord suffice to sustain the finding that the landlord has consented to an extension of the rental contract. But in view of the court's findings as to the facts, appellant could not have supposed that appellee intended to abandon the demand for possession inasmuch as the testimony shows that the rent accepted after the service of the notice was accepted with the express understanding that the demand for possession was not being waived and upon the promise that the demand would be complied with if a short indulgence of time was given. We conclude therefore that there was a notice to vacate which complied with the law in that behalf, and that the second notice was not required.

It is argued that appellant may not be evicted for the reason that the Rent Control Administration has not acted upon the second notice to vacate, and that there was no showing of the immediate compelling necessity for appellee to have possession of her property which Regulation 6 (a) (6) requires to evict a tenant without this permission.

We think, however, that the court was warranted in finding that this showing of necessity was made. It is to the following effect. Appellee, an elderly lady, lived with her nephew in an old house which had been the family homestead. The house had so deteriorated that extensive and expensive repairs were required, and she did not have the means to make them. So she sold the house in which she was living on an agreement to deliver possession on or about August 3, 1946.

Appellee testified that through sympathy she had agreed to permit appellant to retain possession for the extended period, but with the distinct understanding that the house here in litigation, a five room cottage, would be delivered in time for her to move into it after surrendering possession of her old home, and when this was not done she had to place her household effects in storage,

,and she now has no home. She also testified that the bedrooms in her old house, which she sold, were all upstairs, and that it was difficult for her to climb the stairs.

We think this testimony supports the finding of an immediate, compelling necessity which authorizes appellee to recover possession without the consent of the Price Control Administration, if a renewal of this consent is required, and the judgment of the court below is therefore affirmed.